NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0008n.06

No. 23-1691

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Jan 04, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| WILLIANE RODRIGUES DOS SANTOS ARGUETA, | ) ) ) | |
| | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | |
| | ) | |
| OMAR ARGUETA-UGALDE, | ) ) | **ORDER** |
| Respondent-Appellant. | ) ) | |

Before: COLE, CLAY, and KETHLEDGE, Circuit Judges.

Respondent-Appellant Omar Argueta-Ugalde ("Omar") appeals the district court's partial grant of attorneys' fees and costs to Petitioner-Appellee Williane Rodrigues Dos Santos Argueta ("Williane"). In a prior opinion, we upheld the district court's grant of Williane's petition for the return of her child under the Hague Convention on the Civil Aspects of International Child Abduction. *See Rodrigues Dos Santos Argueta v. Argueta-Ugalde*, No. 23-1107, 2023 WL 4635901, at *1 (6th Cir. July 20, 2023). Having prevailed on the merits, Williane then moved before the district court for $85,665 in attorneys' fees and $871.50 in costs. The district court granted her motion, but reduced the award of attorneys' fees to $61,823.50.

We **AFFIRM** on the district court's detailed order. The district court properly concluded that Williane was entitled to reasonable attorneys' fees and costs. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Omar's claim that the reasonableness standard is inapplicable because the International Child Abduction Remedies Act allows recovery for

"necessary expenses" is unavailing. A legal service is necessary if it is reasonably needed under the circumstances. Nor did the district court abuse its discretion by then concluding that the hours worked by Attorneys Alvarez and Grauman were reasonable. *See Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505 (6th Cir. 2013) (noting that fees and costs are reviewed for abuse of discretion). Attorney Alvarez reasonably billed for communications with a Brazilian attorney given that this case required an understanding of Brazilian law pertaining to child custody. Likewise, it was reasonable for Attorney Grauman to attend the hearing on Williane's petition, as it is not uncommon for a second attorney to attend a hearing to take notes and provide support and assistance for their co-counsel. *See Ne. Ohio Coal. for Homeless v. Husted*, 831 F.3d 686, 704 (6th Cir. 2016) (noting that litigation involving multiple lawyers is common).

Based on prevailing market rates and case law, the district court also found it necessary to reduce the requested hourly rates for Williane's counsels, but appropriately determined that a reasonable award for Attorney Alvarez would be $350 per hour and for Attorney Grauman would be $325 per hour.

Omar's claims regarding the fees awarded for paralegal services similarly fail. The district court properly credited the attendance of three paralegals at the hearing, given that they managed hundreds of exhibits and tracked numerous evidentiary objections. For these paralegal services, it was reasonable to award fees at a rate of $135 per hour, which is a reduction from what Williane requested and falls squarely within the range of billing rates previously approved by cases in this Circuit. *See, e.g.*, *Aljahmi v. Ability Recovery Servs., LLC*, No. 2:17-CV-13772, 2022 WL 891416, at *2 (E.D. Mich. Mar. 25, 2022) (stating that the Eastern District of Michigan has approved paralegal hourly rates of between $125 per hour and $140 per hour).

Finally, based on the billing record for this case, we find Williane's requests for $871.50 in costs to be reasonable.

The district court's reasoning for its attorney fee award is set forth in detail in its Order Granting in Part Petitioner's Motion for Attorneys' Fees and Costs (ECF No. 34), dated June 27, 2023, and need not be repeated here.

We have considered each of Omar's arguments, and find them all to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

ENTERED BY ORDER OF THE COURT

_____

Kelly L. Stephens, Clerk